# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ALAN SANDERSON, ERLE BOSWELL, ) <br> DONALD CLOE, and DAVID LANNING ) <br> ) <br> On Behalf of Themselves and ) <br> All Others Similarly Situated, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> CONOPCO, INC. ) <br> ) <br> Defendant. ) | Case No. 10-CV-00775-FJG |

## ORDER

Currently pending before the Court is the parties' Joint Motion for Approval of Settlement (Doc. # 74) and Motion for Attorney Fees (Doc. # 75).

On August 6, 2010, four named plaintiffs filed a collective class action against defendant. In their Complaint, plaintiffs alleged that they were seeking relief on a collective and class-wide basis relating to defendant's practice of not fully compensating them and the other employees for all the time they spent donning and doffing required protective gear and equipment and for their walking time before and after their shifts and also for implementing a system of rounding starting and stopping times which benefitted the defendants. The plaintiffs proposed two classes: 1) "all persons who were, are or will be employed by Defendant as hourly employees at Defendant's place of business in Independence, Missouri, at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action (the "FLSA Period"), and who have not received full compensation for all hours worked under the Fair Labor Standards Act ("FLSA"). This group was referred to as the "FLSA Class." 2)

The Second class was "all persons who were, are or will be employed by Defendant as hourly production workers in Defendant's place of business, in Independence, Missouri, at any time within the two years prior to the filing of the Complaint through the date of the final disposition of this action. This group was known as the "Missouri Class Period").

Shortly after the Complaint was filed, additional individuals began filing Notices of Consent to Join the suit. The first of these consent forms were filed on September 21, 2010 and the forms have continued to be filed through August 2, 2011. The Court has calculated that a total of eighty-two persons have now filed a "Notice of Consent to Join" this lawsuit. However, plaintiffs' counsel did not request approval of a notice to send to the class and the Court is unsure of how these individuals were notified of this case or what information they were given. A Scheduling and Trial Order was entered in this case on January 3, 2011. The Scheduling and Trial Order provided that the Motion for Conditional Class Certification would be filed no later than June 17, 2011. On May 23, 2011, this deadline was extended to September 15, 2011.

In Littlefield v. Dealer Warranty Services, LLC, 679 F.Supp.2d 1014 (E.D.Mo. 2010), the Court stated, "[i]f the plaintiffs satisfy this first burden, the court conditionally certifies the class, and potential class members are given notice and the opportunity to opt-in." Id. at 1017. In the instant case, it seems as if plaintiffs jumped the gun and sent out notices without having the class conditionally certified. The parties are now asking the Court for approval of a settlement, when there has been no conditional certification.

The Court in Littlefield noted:

> Within the Eighth Circuit, the district courts conduct a two-step analysis to determine whether employees are 'similarly situated.' . . .During the first step, the notice state, the plaintiffs seek early conditional class certification. . . . During the second step, the merits stage, the defendants move to decertify the class. . . . The plaintiff's burden at the notice stage is not onerous. . . .Conditional certification at the notice stage requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan. . . .If the plaintiffs satisfy this first burden, the court conditionally certifies the class, and potential class members are given notice and the opportunity to opt-in.

679 F.Supp.2d at 1016-1017 (internal citations and quotations omitted). Additionally, the Court stated:

> The FLSA requires that notice to potential plaintiffs be accurate and timely, giving potential plaintiffs the chance to make informed decisions about whether to participate. . . . The district courts must approve both the content and method of disseminating notice to potential class members. . . .This oversight ensures that notices are timely, accurate, and informative, and helps prevent later disputes.

Id. at 1018 (internal citations and quotations omitted).

In their Motion for Approval of the Settlement, the parties state that the settlement occurred after they exchanged discovery including employment and payroll data, took several depositions and conducted extensive negotiations, including mediation. The parties state that the settlement will provide substantial relief to the Plaintiffs and will eliminate the risks that both sides would bear if this litigation were continued to resolution. The parties state that Court approval of the settlement is necessary to effectuate a valid and enforceable release of Plaintiff's FLSA claims.

While it is commendable that the parties have diligently worked to settle this case, the Court is concerned about approving a settlement in this case, when the Court has not granted conditional certification. Before ruling on the Joint Motion for Approval

3

of Settlement and the Motion for Attorney Fees, the Court would request that the parties address the propriety of the proposed settlement procedure, specifically addressing whether a Court has authority to approve a settlement of a FLSA Collective Action before the class has been conditionally certified and prior to any court approved notice being sent to potential opt-in plaintiffs.  The Court would note that other Courts have raised concerns about such proposed settlements.   See Leigh v. Bottling Group, LLC, No. DKC 10-0218, 2011 WL 1231161 (D.Md. Mar. 29, 2011) and Perez v. Avatar Properties, Inc., No. 6:07-CV-792-ORL-28DAB, 2008 WL 4853642 (M.D.Fla. Nov. 6, 2008).  Accordingly, the parties are hereby directed to file a joint brief addressing this issue on or before **October 28, 2011**.


Date:  October 13, 2011                  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                 Fernando J. Gaitan, Jr.
                                                  Chief United States District Judge