IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DISTRICT

| | |
|---|---|
| ALAN SANDERSON, ERLE BOSWELL,<br>DONALD CLOE, and DAVID LANNING<br><br>On Behalf of Themselves and<br>All Others Similarly Situated,<br>　　　　　　　　Plaintiffs,<br>v.<br><br>Unilever Supply Chain, Inc.,<br>A subsidiary of Conopco, Inc.<br>　　　　　　　　Defendant. | Case No.:10-cv-00775-FJG |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiffs Alan Sanderson, Erle Boswell, Donald Cloe and David Lanning ("Plaintiffs"), and Unilever Supply Chain, Inc, ("Defendant" or "Unilever") (collectively the "Parties") by and through each Parties' respective counsel of record, hereby provide this Court with their *Supplemental Memorandum in Support of their Joint Motion for Approval of FLSA Settlement*.

On August 24, 2011, the Parties filed with the Court their Joint Motion for Approval of Settlement. (Doc Nos. 73-74). On that date, Plaintiffs also filed their Motion for Attorneys' Fees. (Doc No. 75).

By an Order dated October 13, 2011, the Court requested supplemental authority regarding two issues: 1) the propriety of Plaintiffs obtaining and filing 82 executed "Consent to Join" forms from individuals purported to be "similarly situated" to the Named Plaintiffs prior to the Court conditionally certifying this case as an FLSA "collective action" and authorizing notice to putative class members; and 2) the propriety of the Parties' request for Court approval of an FLSA settlement when there has been no conditional certification.

1

**I.    The Named Plaintiffs Properly Exercised Their Right to Discuss the Lawsuit With Current and Former Co-Workers and Thereby Facilitate Executed "Consents to Join" by Opt-in Plaintiffs.[1]**

The putative class includes hourly employees at a unionized food processing facility. The four Named Plaintiffs are each long-term employees there. As employees at a union shop, employees at the Unilever facility are accustomed to openly discussing work-related concerns. Counsel for Plaintiffs provided no written or other type of notice of the FLSA lawsuit to putative opt-in Plaintiffs. The Named Plaintiff themselves obtained executed consents to join the action from their current and former co-workers at the facility.

The federal courts have routinely held that absent evidence of misleading or otherwise improper information disseminated or sponsored by counsel for the Named Plaintiffs in an FLSA collective action, executed "consent to join" forms can be obtained and filed prior to any court-approved notice of the action to putative class members. *Sperling v. Hoffman-LaRoche, Inc.,* 862 F.2d 439, 440 (3rd Cir. 1988) (affirming trial court's denial of defendant's motion to invalidate 400 consents obtained and filed without court approval), *aff'd* 493 U.S. 165, 169 (1989); *Flores v. Metro Painting Corp.,* 2008 W.L. 4541416 at *4 n.4 (D. Ariz Oct. 7, 2008) (denying defendant's motion to invalidate consent forms filed prior to court's approval of notice, and affirming that the FLSA does not prohibit employees from signing consents to join prior to court order facilitating notice); *Piper v. RGIS Inventory Specialists, Inc.,* 2007 W.L. 1690887 at **24-26 (N.D. Cal. June 11, 2007) (holding that putative opt-in plaintiffs can file consents to join prior to conditional certification); *Threatt v. Residential CRF, Inc.*, 2005 W.L. 268665 at **1-4 (N.D. Ind. Oct. 17, 2005) (denying defendant's motion to invalidate consent forms filed prior to leave of court); *Self v. Teleperformance USA, Inc.*, 2008 W.L. 43729928 (D. Utah Sept

---

[1] This portion of the brief is filed by Plaintiffs' counsel. Defendant takes no position in this specific case, at this time, regarding the propriety of filing opt in forms before a case is conditionally certified. Defendant specifically reserves the right to object to such filings in the current case if the settlement is not approved, and in all future cases.

19, 2008) (denying defendant's motion to strike pre-certification consents to join, but requiring plaintiffs' counsel to send curative letter to pre-certification opt in plaintiffs due to misleading information on website, and requiring renewed consents of such opt in plaintiffs).

Absent evidence of the specific need to cure some extant impropriety, court-imposed limits on an FLSA named plaintiff's right to discuss a collective action among his or her co-workers would raise serious First Amendment Free Speech implications, and would otherwise amount to an abuse of the court's discretion in overseeing the processes of a collective or class action. *See Gulf Oil Company v. Bernard,* 452 U.S. 89, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981); *Colozzi v. St. Joseph's Hospital,* 2009 W.L. 2045315 (N.D.N.Y. May 27, 2009). In fact, undue interference by the court concerning the rights of the Named Plaintiffs to communicate with their current and former co-workers about opting into the case would effectively undermine the broad remedial purposes of the FLSA because the statute of limitations is not tolled as to a putative class member until he or she affirmatively opts into the case. *See* 29 U.S.C. § 256(a); *O'Connell v. Champion Int'l Corp.,* 812 F.2d 393, 34 (8th Cir. 1987).

Notwithstanding the complete absence of any evidence of impropriety in this case, the settlement notification process proposed by the Parties provides all opt in Plaintiffs (both current and prospective) with substantially the same information the court required to be provided to opt in plaintiffs in *Self v. Teleperformance USA, Inc.*, 2008 W.L. 43729928 (D. Utah Sept 19, 2008) to remedy misleading information the opt in plaintiffs had received prior to the motion for certification. In *Self,* the court refused to strike the pre-certification opt in forms that were on file with the court; striking them would have operated to the detriment of such opt in plaintiffs because the filing of opt in forms was required to toll the statute of limitations for each of them. *Id.* at * 5. As a remedy to cure potentially misleading information the opt in plaintiffs had

3

previously received, the *Self* court ordered new, curative notices to be sent to them, and required that they renew their opt in status, which would related back to the initial filings of their opt in forms. *Id.* Here, the Parties have proposed providing both extant opt in Plaintiffs and all other class members with detailed notice of the nature of the claims, the specific formula to determine department-specific back pay pursuant to the settlement, and their rights to either participate in the settlement, or not to do so whereby their rights would be preserved except as limited by the statute of limitations. (Doc No. 74-1). Thus, despite the absence of any indication that any opt in Plaintiffs consented to join this action pursuant to any improper statements, the proposed notice of the settlement substantively provides the type of information that has been found to be sufficient to cure such improperly procured consents.

In the instant case, there is no evidence of any improper communications by Plaintiffs' Counsel or any abuse of the Named Plaintiffs' rights to speak with their current and former co-workers. (Plaintiffs' Counsel can attest that if the learned Counsel for Unilever, with their extensive expertise and experience in defending FLSA collective actions, had discerned any substantial basis to successfully challenge the propriety of the pre-certification opt-in Plaintiffs, or the means utilized in facilitating them, such a challenge would have been lodged.) The proposed notice of the settlement to be sent to current opt in Plaintiffs, as well as the remainder of Unilever's current and former employees who are "similarly situated" to the Named Plaintiffs, provides extensive details of the claims, the terms of the proposed settlement, and the employee's rights for purposes of Court-approval of the settlement. It follows that the pre-certification opt in process presents no issues regarding the propriety of the Parties' proposed settlement for which they are seeking the Court's approval.

4

**II. Settlement of an FLSA Collective Action, Pending Subsequent Court Approval, Need Not Be Preceded By Court Certification.**

The requirement for judicial approval of a settlement in a private FLSA action is not due to the "collective action" processes provided in 29 U.S.C. 216(b). Rather, the requirement for such judicial oversight of private FLSA settlements stems from the policies within the FLSA that generally prohibit any contractual agreement between any employer and any employee whereby the employee would waive his or her minimum wage and/or overtime rights under the FLSA. *See, e.g., Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 704-10 (1945); *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739-40 (1981); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352-53 (7th Cir. 1982). Thus, the requirement for such judicial approval of a settlement in a private FLSA case applies to *any* FLSA action, without regard to whether or not it is a "collective action." *See Brooklyn Savings Bank*, 324 U.S. at 704-10; *Barrentine,* 450 U.S. at 739-40; *Lynn's Food Stores,* 679 F.2d at 1352-53.

The FLSA requires that individual class members affirmatively opt in to a collective action in order to participate in the case. Each individual who voluntarily elects to join the collective action, accordingly, becomes an individual plaintiff in the action once an opt in notice is filed. The requirement of judicial approval of FLSA claims applies to each of these individuals based on the prohibition against waivers of FLSA rights. It is not a due process requirement related to the protection of the rights of absent class members, as in the context of a Rule 23 class action. *e.g., Collins v. Sanderson Farms, Inc.,* 568 F. Supp. 2d 714, 719 (E.D. La. 2008). For an employer subject to a private FLSA action to gain the benefit of an enforceable release of such claims, the district court enters "a stipulated judgment after scrutinizing the settlement for fairness." *e.g., Lynn's Food Stores,* 679 F.2d at 1353.

Thus, the terms of the proposed settlement must be scrutinized for fairness as to both the

5

Named Plaintiffs and putative opt in Plaintiffs. The fairness of the settlement has been described and analyzed in great detail by the Parties in their Memorandum in Support of Joint for Approval of Settlement. (Doc No. 74).

There is no statutory or policy basis to categorically prohibit putative opt in Plaintiffs from *the choice* to participate in the instant settlement. Conversely, there is no statutory or policy basis to categorically prohibit Unilever from obtaining labor peace as to FLSA claims from as many current and former employees who are "similarly situated" to the four Named Plaintiffs and who would simply be afforded the opportunity to affirmatively choose to participate in the instant settlement, after being provided with substantial information related thereto. By approving this settlement, the Court will be providing each current and putative opt in Plaintiff with a choice—either elect to participate in this settlement and thereby release commensurate overtime claims, or elect not to participate in the settlement *and retain the right to bring or participate in a separate action as to such claims.*

The decision in *Perez v. Avatar Properties, Inc.,* 2008 W.L. 4853642 (M.D. Fla. Nov. 6, 2008), cited in the Court's recent Order, is both distinguishable from the instant case, and in any event, utilizes a flawed analysis. The *Perez* court viewed that case as involving a single plaintiff where "the parties arrived in court with their claims already settled and, in essence, [were] attempting to treat [a] would be collective action as a post-certification Rule 23 class action— and formulate a preemptive global settlement accordingly." *Id.* at * 3. The *Perez* court viewed the issue of whether to approve the settlement as one of "mootness" of a dispute. *Id.* at * 3 n.2.

Here, the Parties did not reach any settlement in this matter until the mediation on June 29, 2011. The Parties engaged in the extensive discovery described in the original briefs leading up to settlement. The Parties then negotiated further details related to the proposed settlement at

6

arm's length during and after the mediation.

Second, and most importantly, the proposed settlement in this case does not treat the putative opt in Plaintiffs as members of a "post-certification Rule 23 class[.]" To the contrary, all of the opt in Plaintiffs in this case, both current and putative, may analyze the settlement and make an independent choice (1) to refrain from participating in the settlement and thereby retain all of their rights and release nothing, or (2) to participate in the settlement and release their corresponding rights to overtime claims during the relevant period. Thus, the proposed settlement herein provides absolute fidelity to the "opt in" rights of putative FLSA opt in plaintiffs, as compared to the operative "opt out" procedures of a "post-certification Rule 23 class action." *Compare Hopson v. Hanesbrands, Inc.,* 2008 W.L. 3385452 (along with preliminarily approving pre-certification "opt out" Rule 23 class settlement, the court approved the parties' proposed pre-certification "Claim Form and Consent to Join FLSA Collection Action" for putative "opt in" FLSA plaintiffs to participate in settlement; the settlement was otherwise fair and the "Claim Form" adequately informed putative opt in plaintiffs of the terms of the settlement) *with Kakani v. Oracle Corporation,* 2007 W.L. 1793774 (N.D. Cal. June 17, 2007) (refusing to approve proposed pre-certification settlement whereby FLSA claims of all class members would be released, whether or not they consented to join, and explaining: "Workers who voluntarily send in a claim form and affirmatively join in the action, of course, can be bound to a full release of all federal and state [wage and hour] rights").

Finally, the *Perez* court's "mootness" analysis is flawed. If the claims of the named plaintiff in *Perez* were settled before he filed suit, as the court believed, only *his* claims, rather than any claims of the putative opt in plaintiffs, might have been "moot" before the case was filed. That is, simple logic would dictate that if *anyone's* claims were moot due to the lack of a

7

then-existing controversy, it would have been *the named plaintiff's* claims. The putative plaintiff's rights would not be impacted in any way by such a pre-filed settlement.

Moreover, the *Perez* court's mootness analysis is not correct. The FLSA requires approval of any settlement of claims there under by a Court or the Department of Labor. The Perez court's analysis would lead to a Kafkaesque result, whereby an FLSA defendant could not obtain a release absent court approval of a settlement, but the court would be prevented from approving the settlement because it was reached pre-litigation, which mooted any controversy for court approval. The *Perez* court provides no statutory or policy basis to support its analysis. And, again, even if the proposed pre-litigation settlement of the named plaintiff "mooted" the claims of the named plaintiff (which cannot be correct), the rights of the putative opt in plaintiffs would not be impacted.

The *Perez* court all but acknowledged that its concerns were atypical among the federal courts when it expressly observed that "there have been courts that have adopted [the] approach" of approving FLSA settlements where "similarly situated" putative opt in Plaintiffs were allowed the choice to opt into the case in order to participate in a court-approved settlement. *See id.* at * 3 n. 2; *see also Chemi v. Champion Mortgage,* 2009 W.L. 1470429 (D.N.J. May 26, 2009) (noting that parties stipulated to certification under 29 U.S.C. 21(b) for settlement purposes, resulting in 405 of 917 eligible employees opting in to the FLSA settlement). Counsel for Plaintiffs, in fact, has obtained approval of pre-certification settlements of FLSA collective actions in both the Western District of Missouri and the District of Kansas, following judicial review of the proposed settlements. *Morgan v. Value Place KC Hwy 71, LLC,* Case No. 11-0286-CV-W-SOW (W.D. Mo. October 19, 2011); *Lamb v. Sprint United Management Co.,* Case No. 05-2023-KHV/DJW (D. Kan. Sept. 21, 2005). More generally, for

the reasons explained in the Parties' Memorandum in Support of their Motion to Approve Settlement, the proposed settlement herein is exactly the type of "reasonable compromise of disputed issues" resulting from an adversarial process that the *Perez* court acknowledged **should** be approved. *See id* at * 4 (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354-55 (11th Cir. 1982)).

In *Collins v. Sanderson Farms, Inc.,* 568 F. Supp. 2d 714 (E.D. La. 2008), the court approved an FLSA settlement in a case that is nearly identical to the proposed settlement at hand, in terms of both the nature of the substantive claims and defenses, and the procedural posture of the case at the time the parties reached their proposed settlement. Like the instant case, the *Collins* case involved "donning and doffing" claims under the FLSA, along with the complex application of "Section 203(o)" and "de minimis" defenses. *Id.* at 716, 726. Like the instant case, after examining voluminous documents relevant to the claims, defenses and potential damages, the parties in *Collins* avoided the necessity of further litigating the claims by agreeing to resolve the matter as to the putative class. *Id.* at 726, 728. The settlement in *Collins* involved both collective action members who opted into the case before the proposed settlement was reached, as well as others who joined pursuant to notice to join the settlement. *Id.* at 728. After analyzing the case in the manner that is essentially on all fours with the analysis provided in the Memorandum in Support of the Parties' instant motion to approve the proposed settlement, the *Collins* court approved the proposed settlement, as required by the non-waiver policies inherent in the FLSA. *Id.* at 728.

Due to the opt-in nature of FLSA claims, a proposed settlement of an FLSA collective action, unlike a proposed settlement of a Rule 23 class action, does not require a "fairness hearing." *e.g., Moore v. Ackerman Inv. Co.,* 2009 W.L. 2848858 at *2 (N.D. Iowa Sept. 1, 2009).

9

Nonetheless, the Parties note that the Court's most recent Order cites to *Leigh v. Bottling Group, LLC,* 2011 W.L. 1231161 (D. Md. March 29, 2011). In *Leigh,* the court relied on the *Perez* court's analysis in deciding to provide opt-in plaintiffs—after affirmatively electing to opt in, in lieu of electing not to opt in and thereby preserving the right to avoid any release of claims—with the opportunity to object to the settlement. For the reasons stated herein, the Parties view such a post-opt in objection process as misguidedly treating an FLSA settlement like a Rule 23 class settlement. Each of these individuals will receive a notice of the proposed settlement. Each of these individuals is, or will be made aware that he or she is represented by Plaintiff's counsel. Each of these individuals will have the opportunity to speak with counsel if he or she has any questions about the proposed settlement. Indeed, each of these individuals has the right to withdraw his or her opt in notice if desired. No rights will be adversely impacted by the approval of this settlement. To the contrary, significant statute of limitations rights may be impacted if the settlement is not approved.

## III. Conclusion

To summarize, individuals who are "similarly situated" to the four Named Plaintiffs properly elected to join this action before it was certified as a collective action under the FLSA. The settlement of *any* private FLSA action, whether or not it is a collective action, requires judicial approval to effectuate a release of the effected employees' FLSA rights. Neither the FLSA, nor any identifiable policy under the FLSA, prohibits a court-approved settlement of FLSA claims on behalf of an opt-in FLSA class before certification. Nonetheless, the Parties have provided evidence and legal support for certification for purposes of the proposed settlement. The Court should approve the proposed settlement because it has resulted from a bona fide dispute between the Parties that is fair and reasonable to all of the affected current and

former employees of Unilever, who will be given the option of participating in the settlement, or retaining all rights attendant to their wage and hour claims.

Respectfully submitted,

/s/ *Mark A. Kistler*
Mark A. Kistler MO #48442
Michael F. Brady MO #47521
BRADY & ASSOCIATES
10901 Lowell Avenue, Suite 280
Overland Park, KS 66210
Tel: (913) 696-0925
Fax: (913) 696-0468
mkistler@mbradylaw.com
brady@mbradylaw.com
**ATTORNEYS FOR PLAINTIFFS**


/s/ *Denise K. Drake*
Denise K. Drake MO # 43351
S. Jane Cecil MO #50952
LITTLER MENDELSON, P.C.
1201 Walnut, Suite1450
Kansas City, MO 64106
Tel: (816) 627-4406
Fax: (816) 817-6125
ddrake@littler.com
jcecil@littler.com
**ATTORNEYS FOR DEFENDANT**