UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALAN SANDERSON, ERLE BOSWELL,<br>DONALD CLOE, and DAVID LANNING<br><br>On Behalf of Themselves and<br>All Others Similarly Situated,<br><br>          Plaintiffs,<br>v.<br><br>UNILEVER SUPPLY CHAIN, INC.,<br>a subsidiary of CONOPCO, INC.<br><br>          Defendant. | Case No. 10-CV-00775-FJG |

# ORDER

Currently pending before the Court is the plaintiff's Motion for Attorneys' Fees and Costs (Doc. # 75).

## I. BACKGROUND

On November 16, 2011, the Court granted the parties' joint motion for approval of the settlement reached in this case. In that Order, the Court directed the plaintiffs' counsel to provide the Court with detailed time records and affidavits attesting to the time spent on the case and the reasonableness of the hourly fees requested. Plaintiffs' counsel has now provided this additional information and the Court has had an opportunity to review it.

During the mediation on June 29, 2011, plaintiffs requested attorneys' fees and costs in the amount of $103,032.00. Plaintiffs are requesting costs in the amount of $3,434.29. As part of the settlement, plaintiffs' counsel has also agreed to pay for the services of a Claims Administrator to process the claims of the class members. The

cost for this service is $16,000.00. Subtracting the cost of the Claims Administrator services, the effective amount of fees amounts to $87,032.00, which is 33.78% of the total amount of the settlement.

## II. STANDARD

Section 216(b) of the Fair Labor Standards Act provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "Though the fee is mandatory, the Court has discretion to determine the amount and reasonableness of the fee. . . .When a common fund is created by settlement, courts have applied one of two methods in determining reasonable attorney's fee awards: a percentage of the fund or the lodestar method." Peterson v. Mortgage Sources, Corp., No. 08-2660-KHV, 2011 WL 3793963 (D.Kan. Aug. 25, 2011)(internal citations omitted). In Wiles v. Southwestern Bell Telephone Co., No. 09-4236-CV-C-NKL, 2011 WL 2416291 (W.D.Mo. June 9, 2011), the Court noted, "[t]he Eighth Circuit, as well as this Court, has held that in 'common fund' cases, where attorney fees and class members' benefits are distributed from one fund a percentage of the benefit method may be preferable to the lodestar method." Id. at *4. The Court in that case also listed twelve different factors that a court should consider in determining a fee award. The twelve factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability"

2

of the case; (11) the nature and the length of the professional relationship
with the client; and (12) awards in similar cases.

Id. at *4 citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

### III. DISCUSSION

In the instant case, plaintiffs' counsel state that they have invested a substantial amount of time and resources in this action and took a significant risk of failing to recover due to the legal obstacles in this case, such as the Section 203(o) defense and the related de minimis defense. Plaintiffs' counsel also state that they are experienced in this area of the law and have gained particularized skills necessary to effectively prosecute these actions. Additionally, plaintiffs' counsel state that in similar FLSA actions, attorneys' fee awards were between 33.33% and 37% of the total settlement fund. Plaintiffs' counsel are seeking an award of 33.78%, which is within this range of fees awarded. In Burkholder v. City of Fort Wayne, 750 F.Supp.2d 990 (N.D.Ind. 2010), the Court stated, "a counsel fee of 33.3% of the common fund 'is comfortably within the range typically charged as a contingency fee by plaintiffs' lawyers' in an FLSA action." Id. at 997.

Plaintiffs' counsel also state that the lodestar method of calculating fees is sometimes used as a method of double-checking the reasonableness of the percentage-of-fund fee request. Plaintiffs state that their total costs are $19,434.29. Subtracting that amount from the attorneys' fee request would leave $83,597.71 for purposes of the lodestar calculation. The hourly rates charges by counsel are listed in their Motion for Approval, but range from $250.00 an hour to $325.00 an hour for attorneys and $100.00 an hour for paralegals. Multiplying the hours expended by the

various hourly rates, leads to a revised total fee amount of: $104,511.75.  Adding the costs or $19,434.29 with the fees, results in a lodestar calculation of $123,946.04.  Thus, the percentage-of-fund request is actually lower than the lodestar check, which plaintiffs' counsel state supports the reasonableness of the fee request. The Court has had an opportunity to review the time records submitted as well as the affidavits of Michael P. Downey and Teresa A. Woody, attesting to the reasonableness of the hourly fees billed by plaintiffs' counsel, and finds that the both the hourly rate and the amount of time billed were reasonable considering the size and scope of the litigation.

Additionally, in analyzing the Johnson factors discussed above, the Court finds that plaintiffs' counsel expended a significant amount of time and labor on this case.  Attorney Mark Kistler alone billed over 200 hours.  Also as discussed above, there were challenging legal issues related to the various defenses raised.  The Court also finds that plaintiffs' counsel are particularly skilled in handling FLSA cases.  The Court also finds that the fees requested are well within the range of fees normally requested in these types of cases and that amount requested is fair considering the results which were achieved for the class.

## IV.  CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **GRANTS** the plaintiffs' Motion for Attorney Fees (Doc. # 75).  The Court hereby awards plaintiffs' counsel a total of $103,032.00 in attorneys' fees and costs.

Date: December 19, 2011                         **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                           Fernando J. Gaitan, Jr.
                                                Chief United States District Judge